# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION
# CASE NO. 3:21-CV-415-RJC-DCK

| | |
|---|---|
| JAMES EDWARD DUNCAN III, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | **ORDER** |
| ) | |
| CHARLOTTE MECKLENBURG ) | |
| POLICE DEPARTMENT, ERICK ) | |
| KELLY, and ANDREW ISAACS, ) | |
| ) | |
| Defendants. ) | |
| ) | |

**THIS MATTER IS BEFORE THE COURT** on "Defendant City Of Charlotte's Motion To Dismiss" (Document No. 5); "Defendants Isaacs And Kelly's Motion To Dismiss" (Document No. 8); *pro se* Plaintiff's "Motion For Entry Of Default" (Document No. 10). The motions to dismiss have been referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b), and immediate review is appropriate. Having carefully considered the motions, the record, and applicable authority, the undersigned will direct that the pending motions to dismiss and for entry of default be denied as moot.

Federal Rule of Civil Procedure 15 applies to the amendment of pleadings and allows a party to amend once as a matter of course within 21 days after serving, or "if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier." Fed.R.Civ.P. 15(a)(1).

*Pro se* Plaintiff timely field an "Amended Complaint" (Document No. 14) on November 12, 2021. Defendants then filed a "…Joint Motion To Dismiss" (Document No. 17) on November

26, 2021. The undersigned finds that the Amended Complaint supersedes the original Complaint. As such, the original motions to dismiss and the motion for entry of default should be denied as moot.

It is well settled that a timely-filed amended pleading supersedes the original pleading, and that motions directed at superseded pleadings may be denied as moot. Young v. City of Mount Ranier, 238 F.3d 567, 573 (4th Cir. 2001) ("The general rule ... is that an amended pleading supersedes the original pleading, rendering the original pleading of no effect."); see also, Fawzy v. Wauquiez Boats SNC, 873 F.3d 451, 455 (4th Cir. 2017) ("Because a properly filed amended complaint supersedes the original one and becomes the operative complaint in the case, it renders the original complaint 'of no effect.'"); Colin v. Marconi Commerce Systems Employees' Retirement Plan, 335 F.Supp.2d 590, 614 (M.D.N.C. 2004) ("Earlier motions made by Defendants were filed prior to and have been rendered moot by Plaintiffs' filing of the Second Amended Complaint"); Brown v. Sikora and Associates, Inc., 311 Fed.Appx. 568, 572 (4th Cir. Apr. 16, 2008); and Atlantic Skanska, Inc. v. City of Charlotte, 3:07-CV-266-FDW, 2007 WL 3224985 at *4 (W.D.N.C. Oct. 30, 2007).

**IT IS, THEREFORE, ORDERED** that "Defendant City Of Charlotte's Motion To Dismiss" (Document No. 5) is **DENIED AS MOOT**.

**IT IS FURTHER ORDERED** that "Defendants Isaacs And Kelly's Motion To Dismiss" (Document No. 8) is **DENIED AS MOOT**.

**IT IS FURTHER ORDERED** that Plaintiff's "Motion For Entry Of Default" (Document No. 10) is **DENIED AS MOOT**

**SO ORDERED**.

Signed: November 30, 2021

David C. Keesler
United States Magistrate Judge